

# THE ATTORNEY GENERAL
## OF TEXAS
### AUSTIN 11, TEXAS

RICE DANIEL
TORNEY GENERAL

October 16, 1951

Hon. Parker Ellzey
County Attorney
Jim Wells County
Alice, Texas

Opinion No. V-1319

Re: Liability of a county
for damages caused
by insecticide spray-
ing inside a private
residence by county
employee.

Dear Sir:

Your request for an opinion is in part as follows:

"We request the opinion of your office on the question of whether the County is liable, assuming the correctness of the following:

"The Commissioners Court, at a duly called meeting, declared by unanimous vote to purchase a machine to be used in spraying insecticide to promote the public health in the County. The machine was purchased together with a truck on which the machine was mounted; and a man was employed by the Commissioners Court to spray the insecticide out of doors within the County. The insecticide used was designed only for outdoor use and would be injurious to furniture and household fixtures if sprayed inside a house. The County employee had no authority from the Court or any member of the Court to spray the insecticide inside any residence. Despite this lack of authority the County employee sprayed the interior of a house belonging to residents of this County. This was done with the consent of the owners and occupants of the house after a conversation between the owners and occupants and the County employee. No member of the Commissioners Court had any knowledge that this was to be done. The County employee did spray the insecticide inside the house and

damage resulted to the furniture and draperies. The insecticide was mixed with diesel fuel for spraying and in many respects was different from the insecticide used in spraying the interiors of houses. The owners of the house are pressing a claim against the County for damages."

The law is well settled that a county is a governmental agency and, as such, is not liable for the negligent acts of its agents or employees unless liability therefor has been specifically or impliedly provided by statute. Braissaird v. Webb County, 128 S.W.2d 475 (Tex. Civ. App. 1939); Hodge v. Lover Colorado River Authority, 153 S.W. 2d 855 (Tex. Civ. App. 1942); Att'y Gen. Op. V-87 (194 ).

Since there is no statute making a county liable for the tortious acts of its agents, it is our opinion that Jim Wells County is not liable for the wrongful act of an employee in spraying the insecticide.

### SUMMARY

Jim Wells County is a governmental agency, and, as such, is not liable for the wrongful act of an employee in spraying the interior of a private residence with an insecticide intended for outside use.

APPROVED:

J. C. Davis  Jr.
County Affairs Division

Jesse P. Luton, Jr.
Reviewing Assistant

Everett Hutchinson
Executive Assistant

BW:mh

Yours very truly,

PRICE DANIEL
Attorney General

By Burnell Walcrep
Assistant